## Blair License

*Edward C. Connolly*, for Commonwealth.

*Bernard F. Gray*, for appellant.

BODLEY, J., October 16, 1967.—Appellant, Vicki Blair, on March 2, 1967 (after her eighteenth birthday) received from the Secretary of Revenue an order suspending her operating privileges for a period of one month, effective March 6, 1967, for having violated the curfew imposed upon junior operators by section 604.1(c) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §604.1(c). The appeal was timely filed and a supersedeas was granted.

From the evidence received at the hearing de novo, we make the following

### FINDINGS OF FACT

1. Appellant was born January 9, 1949, and as of June 28, 1966, was the holder of a valid junior operator's license.

2. On that date, appellant was apprehended by a police officer at 12:40 a.m., daylight saving time, and was charged with violating section 604.1(c) of The Vehicle Code.

3. Appellant in due course received a summons and subsequently entered a plea of guilty, paying the fine imposed by the justice of the peace.

4. A departmental hearing was held on January 9, 1967, and thereafter appellant's operating privileges

were suspended for a period of one month, effective March 6, 1967.

## DISCUSSION

It is apparent from the above facts that as of the date of the alleged violation appellant was subject to the curfew provisions of The Vehicle Code. Section 604.1(a) thereof, 75 PS §604.1(a), provides, inter alia, that the Secretary of Revenue ". . . may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or *for any other period of time*" for a violation of subsection (c) of section 604.1. That section, 75 PS §604.1(c), provides:

"No person possessing a junior operator's license shall operate any vehicle or tractor *upon any public highway* between the hours of midnight and five o'clock antemeridian *unless he is accompanied by a parent or a person in loco parentis*" . (Italics supplied.)

Counsel for appellant advances two arguments in support of his position that the suspension was unauthorized by law. First, it is claimed that since the suspension was imposed and became effective after appellant had passed her eighteenth birthday, it was unlawful. Although he cites no authority for the proposition, and we can find none, counsel argues that the language above quoted "or for any other period of time" necessarily relates to a suspension which is effective prior to the junior operator's eighteenth birthday, and that any such suspension cannot continue past such birthday. With this proposition we cannot agree. Not only is the Secretary authorized by section 604.1 (a) to suspend the operating privileges of a junior operator for a violation of section 604.1 (c), the curfew, but also upon his being involved in an accident for which he is partially or fully responsible or upon his being convicted of "any violation" of The Vehicle Code. It cannot be seriously urged that the

legislature had intended to restrict the power thus given the Secretary to a period of time prior to such operator's eighteenth birthday. Had such been its intention, the legislature could have clearly said so. The statutory language here is clear. In the words of the Statutory Construction Act, "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. We find that counsel for the appellant is in pursuit of the illusory spirit, but hold that the power of suspension survives passage of a junior operator's eighteenth birthday.

More seriously, perhaps, counsel urges upon us that the appeal must be sustained because section 604.1 (c) prohibits the junior operator from operating a vehicle "between the hours of midnight and five o'clock antemeridian" and makes no reference to "standard" or "daylight saving" time. Hence, it is argued, logic requires us to say that the statutory reference to time necessarily means standard time. And it would follow, under the facts of this case, that operating at 12:40 a.m. daylight saving time was no violation of the curfew since, in fact, the time was 11:40 p.m. standard time.

While we cannot accept this position to be at all logical, neither counsel for the Commonwealth, counsel for appellant nor the court has turned up any prior case in which this point has been considered. Because of this fact, counsel stipulated that the following quotation from a Pennsylvania Manual for Drivers, described as "publication from the Department", but not otherwise identified, could be received into the record:

"A licensed junior operator is not permitted to drive between the hours of midnight and 5:00 A.M., Eastern Standard Time . . ." He urges that this language constitutes a departmental interpretation of

the statutory language which sustains appellant's position. We cannot agree.

The Statutory Construction Act, supra, art. 111, sec. 37, 46 PS §537 provides:

"Every mention of, or reference to any hour or time in any law, shall be construed with reference to and in accordance with the mean solar time of the seventy-fifth meridian of longitude west of Greenwich, commonly called eastern standard time, unless a different standard is therein expressly provided for, or unless the standard time shall be advanced for any portion of the year, by any act of Congress or law of this Commonwealth hereafter passed".

Much the same language is found in the Act of April 13, 1887, P. L. 21, sec. 1, as amended, 76 PS §171. Without more, some difficulty might be encountered in the interpretation of the words "standard time shall be advanced" which are found in both statutes. However, the legislature found occasion to clarify the matter by the Act of August 26, 1965, P. L. 378, sec. 1 (b), 76 PS §171 (b) in the following language:

"(b) Notwithstanding the provisions of subsection (a), the standard of time in this State, between 2 o'clock antemeridian on the last Sunday in April and 2 o'clock antemeridian on the last Sunday in October of each year, shall be one hour in advance of that prescribed above, commonly known as daylight saving time".

Accordingly, for our purposes we hold that appellant, if she were driving at 12:40 a.m. daylight saving time on June 28, 1966 (a date between those delineating the "standard of time" as above set forth), was driving at a time proscribed by the curfew imposed upon holders of junior licenses.

Notwithstanding the foregoing, we must sustain the instant appeal. Whether through oversight or otherwise, the record before this court does not establish

either (1) that appellant was operating a vehicle "upon any public highway" on the date and time in question or (2) that appellant was not, in fact, "accompanied by a parent or a person in loco parentis". We deem both to be essential elements of proof of the alleged violation, and the record is devoid of any testimony concerning either. Indeed, the record fails, also, to establish the fact that appellant was driving a vehicle. While it might be reasonable to conjecture that proof of these essential facts might have been offered, the record reveals that they were not. Accordingly, we make the following

### ORDER

And now, October 16, 1967, the appeal from the suspension of the operating privileges of Vicki Blair is hereby sustained, and the order of the Secretary of Revenue suspending her operating privileges is vacated, overruled and reversed.